(35 Misc. Rep. 335.)

YOUNG v. YOUNG.

(Supreme Court, Special Term, New York County. June, 1901.)

1. BANKRUPTCY—LIABILITY FOR ALIMONY.
   A bankrupt's liability for alimony, whether it had accrued at the time of filing the petition or accrued thereafter, is not affected by his discharge.

2. CONTEMPT—FAILURE TO PAY ALIMONY—DEFENSES.
   It is no defense, on a motion to punish for contempt in failing to pay alimony, that the pecuniary circumstances of defendants are such that he cannot make the payments.

Action by Carrie F. Young against Morris S. Young. Motion to punish defendant for contempt. Granted.

James, Schell & Elkus, for the motion.
Louis Levy, opposed.

GILDERSLEEVE, J. In October, 1896, a judgment of absolute divorce in favor of the plaintiff was entered, which directed the payment of $10 a week alimony. Defendant paid the alimony until April, 1900, when he defaulted, and afterwards he moved to reduce the amount of the alimony. The motion was denied in August, 1900, and in October the plaintiff gave notice of a motion to punish him for contempt. Before the motion was argued, however, and on or about October 18, 1900, defendant, having become a voluntary bankrupt, obtained an order from the United States district court restraining plaintiff from taking any further proceedings against the defendant in this court until 12 months after the date of said order, or until the determination in the federal court of the question of the discharge of the said defendant in bankruptcy, if he should apply for his discharge within the 12 months. The defendant applied for his discharge in the federal court, and the same was granted. On or about May 22, 1901, an order was entered in the United States district court vacating the order of October 18th restraining plaintiff from proceeding against defendant for nonpayment of the alimony. Thereafter, and on May 24, 1901, plaintiff made demand for the alimony upon defendant, but the latter refuses to pay the same. Plaintiff therefore now makes this motion, under section 1773 of the Code, to punish defendant for contempt. There has been no sequestration of defendant's property or direction to give security, for the reason that satisfactory grounds are shown for believing that such measures would be ineffectual. So far as the discharge in bankruptcy is concerned, it has been held in this district of the federal court that a discharge in bankruptcy does not discharge an obligation to pay alimony, even that which had accrued at the time of the filing of the petition in bankruptcy. See In re Shepard (D. C.) 97 Fed. 187; In re Anderson, Id. 321; In re Smith, 3 Am. Bankr. R. 68. In the district court of Kentucky, however, it was held that all alimony that had accrued at the date of filing the petition for adjudication in the bankruptcy proceedings was released by the discharge. In re Houston (D. C.) 94 Fed. 119. I incline to follow the decision of the United States district court in this district, and hold that neither the accrued nor the subsequent alimony was affected by the discharge in bankruptcy. The defendant has made no application for a reduction of the amount of the alimony since the one which he made last August, and which was denied. He claims here that he has only $10 a week to support himself and his 15 year old daughter by his first wife. On the other hand, plaintiff claims that she is without means, and that defendant is living in meretricious relations with a woman

whom he supports in luxury. However that may be, this application cannot be answered by affidavits showing that defendant is unable to make the payments. To procure relief upon that ground, he can move to be released from imprisonment. Ryckman v. Ryckman, 34 Hun,. 235. He cannot show in opposition to this motion to punish for contempt that his pecuniary circumstances are such as to render him unable to pay the moneys required to be paid. Strobridge v. Strobridge, 21 Hun, 288. The plaintiff appears to have followed the proceedings indicated by the statute, and I see no sufficient reason for denying this motion. Application granted.

Motion granted.